## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS L. EDWARDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF OKLAHOMA *ex rel.* ) <br> OKLAHOMA BUREAU OF NARCOTICS ) <br> AND DANGEROUS DRUGS CONTROL, ) <br> ) <br> Defendant. ) | Case No. CIV-15-791-HE |

## **COMPLAINT**

### I.   SUMMARY

1.  Chris L. Edwards ("Plaintiff") brings this lawsuit to recover damages under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against his employer, State of Oklahoma *ex rel.* Oklahoma Bureau of Narcotics and Dangerous Drugs Control ("OBN" or "Defendant"). Plaintiff, an African American male, was the victim of intentional race discrimination when OBN failed to promote him to the position of Special Agent in Charge in August 2014, instead promoting a lesser qualified employee to the position. This action seeks to recover lost wages and benefits, front pay, and other compensatory damages that Defendant's intentional race discrimination caused Plaintiff.

## II.   JURISDICTION AND VENUE

2.   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, *i.e.* 42 U.S.C. § 2000e *et seq.*

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.   THE PARTIES

4.   Chris L. Edwards is currently and has been employed by Defendant since 1996. Plaintiff is a resident of the Western District of Oklahoma.

5.   Defendant is an Oklahoma state agency that has its headquarters located within the Western District of Oklahoma.

## IV.   FACTUAL ALLEGATIONS

6.   Plaintiff is in a protected class under Title VII as an African American male.

7.   Plaintiff applied for a promotion to the position of Special Agent in Charge of the Diversion Unit, one of the numerous divisions in OBN. The position of Special Agent in Charge included an increase in pay, benefits, and responsibilities compared to Plaintiff's current position. Plaintiff applied for the position in July 2014.

8.   Plaintiff was highly qualified for the position of Special Agent in Charge by virtue of his education, training, and experience as an employee of OBN. Plaintiff has been employed by OBN since 1996. In 1999, he was promoted to the position of Senior Agent, which he has held since that time. As a Senior Agent, Plaintiff has experience in every OBN division, giving him a wide range of experience and skills. Additionally, Plaintiff is a highly decorated employee who has helped to remove substantial amounts of drugs and drug rings from the State of Oklahoma. Throughout his nearly two-decade career at OBN,

Plaintiff has never been disciplined and has consistently performed at or above standards as a Senior Agent.

9. In addition to his on-the-job experience, Plaintiff holds a Bachelor's degree from Langston University. Plaintiff has also undergone extensive training in various areas of his profession, including an Emergency Medical Technician and Physical Fitness certification. Plaintiff is also an Oklahoma State Licensed Polygraph Examiner.

10. Despite being highly qualified for the position of Special Agent in Charge of the Diversion Unit, Plaintiff was rejected and not selected for the position.

11. In August 2014, the position of Special Agent in Charge of the Diversion Unit was filled by another employee.

12. The employee selected for the promotion had less experience than Plaintiff in terms of years of service in the law enforcement community and as an employee of OBN, specifically. Additionally, the employee selected from the promotion had less education and training than Plaintiff.

13. In addition to having less education, training, and experience, the employee selected for the position has been formally disciplined by OBN in the past. As a result of the formal discipline, the employee who was selected for the position was demoted.

14. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on October 3, 2014. On June 15, 2015, the EEOC issued a Notice of Suit Rights. Plaintiff has therefore exhausted his administrative remedies and this suit is timely brought.

## FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

15. Plaintiff incorporates by reference herein paragraphs 1 through 14 as though set forth in full herein.

16. Plaintiff is in a protected class under Title VII, *i.e.* he is an African American male.

17. Plaintiff applied for a promotion to the position of Special Agent in Charge in July 2014.

18. Plaintiff was highly qualified for the position of Special Agent in Charge.

19. Despite being highly qualified, Plaintiff's application was rejected and he was not selected for the position of Special Agent in Charge.

20. The position of Special Agent in Charge was filled by a lesser qualified employee in August 2014.

21. Any proffered legitimate, non-retaliatory reason that OBN asserts is a pretext for intentional race discrimination as described by the factual allegations set forth above.

22. As a direct and proximate result of OBN's intentional race discrimination against Plaintiff, Plaintiff has been excluded from promotion in rank to his economic detriment, and has suffered mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to his professional reputation, and loss of enjoyment of life, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE Plaintiff Chris L. Edwards prays for judgment against Defendant State of Oklahoma *ex rel.* Oklahoma Bureau of Narcotics and Dangerous Drugs Control as follows:

(1) That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2) That Defendant be enjoined and restrained from further acts of discrimination against Plaintiff in the OBN workplace;

(3) That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to 42 U.S.C. § 1981a in an amount to be determined by the jury at the time of trial;

(4) That Defendant be ordered to promote Plaintiff in rank to the position of Special Agent in Charge of the Diversion Unit as an equitable remedy;

(5) That in lieu of a mandatory injunction ordering Defendant to promote Plaintiff in rank, that the Court award Plaintiff front pay equal to that of the rank of Special Agent in Charge, including all salary and benefits, for a term as the Court determines just and equitable under the circumstances;

(6) That Defendant be ordered to pay Plaintiff's costs as authorized by law, including a reasonable attorney's fee;

(7) That Defendant be ordered to pay pre-judgment interest in accordance with the proof at the time of the trial;

(8) That Defendant be ordered to pay post-judgment interest; and

(9) For any and all further make-whole relief as the Court deems just and proper.

Dated this 21st day of July, 2015.

              WARD & GLASS, L.L.P.

              /s/Barrett T. Bowers
              Stanley M. Ward, OBA#9351
              Woodrow K. Glass, OBA#15690
              Scott F. Brockman, OBA#19416
              R. Ben Houston, OBA#14751
              Brent L. Neighbors, OBA#15910
              Barrett T. Bowers, OBA#30493
              Bryan B. Young, OBA#31434
              1821 E. Imhoff Road, Suite 102
              Norman, Oklahoma 73071
              (405) 360-9700
              (405) 360-7902 (fax)
              **ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEYS' LIEN CLAIMED**