## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHRIS L. EDWARDS,

         Plaintiff,

v.

                                       CIV-15-791-C

STATE OF OKLAHOMA EX REL.
OKLAHOMA BUREAU OF NARCOTICS
AND DANGEROUS DRUGS CONTROL,

         Defendant.

## MOTION TO DISMISS
## AND BRIEF IN SUPPORT

Comes now the Defendant, Oklahoma Bureau of Narcotics and Dangerous Drugs Control, (hereafter "Defendant"), and hereby moves to dismiss the claims of Chris L. Edwards, (hereafter "Plaintiff") pursuant to FRCP 12(b)(6) for failure to state a claim and for lack of subject matter jurisdiction pursuant to the Eleventh Amendment of the United States Constitution.  In support of hereof, the Defendant respectfully shows the Court as follows:

1.      Plaintiff alleges, pursuant to Title VII, that he has been intentionally discriminated against by the Defendant for failure to promote to a position of Special Agent in Charge.

2.      He alleges that he is a minority African American male, and that a lesser qualified individual was promoted over him.

3.      However, Plaintiff fails to allege that the individual promoted over him was a non-minority and thus does not state a prima facie case of discrimination.

4.      Plaintiff also states that he is entitled to recover economic and compensatory damages pursuant to 42 U.S.C. § 1981a; (Complaint at page 5, paragraph 3).

5.      The State of Oklahoma preserved all defenses to actions for discrimination based upon any protected class when it enacted the Oklahoma Discrimination in Employment Act, at Title 25 Oklahoma Statutes §1101, *et seq.*

## **BRIEF IN SUPPORT**

### **STANDARD OF REVIEW**

The Tenth Circuit has said that "…to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face." *Robbins v. State of Oklahoma,* 519 F.3d 1242(10th Cir. 2008) citing *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 558(2007) To determine what facts are sufficient to amount to "plausibility" the Circuit provided that "…if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff's 'have not nudged their claims across the line from viable to plausible." *Robbins at 1247.* Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 929 (2009)  The *Twombly* evaluation requires two prongs of analysis.  First, the

Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  Id. At 1949 – 1951.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  A complaint may only survive a motion to dismiss if the allegations state a plausible claim for relief. Id., at 1950.

Defendant moves for dismissal because the Plaintiff's allegations raise to nothing more than mere speculation and fail to state a prima facie case of discrimination under Title VII.

## PROPOSITION I
### PLAINTIFF FAILED TO ALLEGE A PRIMA FACIE CASE

Plaintiff alleges that he was not promoted to a position that for which he was qualified.  Plaintiff also alleges that the individual promoted to the positon he was seeking was less qualified than him.  However, and most critically in an intentional discrimination case, Plaintiff fails to allege, or make any statement whatsoever, that the individual promoted was a non-minority or Caucasian person.  This is fatal to his case.

It has been the law for a considerable period of time that an intentional discrimination case must include an allegation that the position either remained open after the failure to promote the plaintiff, or that it was filled with a "non-minority" person. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817(1973).  (See*: Stubbs*

*v. McDonald's Corp.,* 224 F.R.D. 668, at 672 (D. Kan. 2004) citing *Amro v. Boeing Co.*, 232 F.3d 790, 797 (10th Cir. 2000)

As this very Court found in *Thuc Tran v. Sonic Industries Services, Inc.,* 767 F.Supp2d 1217 (W.D. Okla. 2011); (CIV-10-69-C, Feb. 8, 2011), (Aff'd by *Tran v. Sonic Industries Services, Inc.,* 490 Fed. Appx. 115 (10th Cir. July 19, 2012); "…to establish a prima facie case of discrimination resulting in a failure to promote, a plaintiff must show four elements:  (1) that she was a member of a protected class; (2) that she sought and was qualified for a position; (3) that she did not receive the position; and (4) *that the position remained open or was filled with a non-minority…"* at 1225-26, citing *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005) (emphasis added)

Unfortunately for Mr. Edwards, he does not allege either of the two provisions of the 4th element, namely that the position of Special Agent in Charge remained open or was filled by a non-minority.  It is pretty clear that he does not state a prima facie case of discrimination for failure to promote.  Nowhere in his complaint does he suggest either possibility.  In fact what he does allege is that the position was filled by a lesser qualified individual.  He doesn't say that it was a non-minority.  The court would be left to wholly speculate as to the fourth element regarding promotion of a non-minority. This is insufficient for pleading as it does not make Plaintiff's claim "nudge" into the realm of plausibility and the case should be dismissed

## PROPOSITION II

### PUNITIVE DAMAGES ARE NOT RECOVERABLE

Plaintiff does not appear to make a claim for punitive damages. The statutory provision cited by Plaintiff for "economic and compensatory" damage is §1981a. That provision does not discuss "economic" damages, but rather addresses "punitive and compensatory damages". The language of 42 U.S.C. §1981a(b)(1) specifically exempts the government, a government agency or a political subdivision from liability for punitive damages.

> A complaining party may recover punitive damages under this section against a respondent **(other than a government, government agency or political subdivision)** if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. §1981a(b)(1) (emphasis added).

Also, it is ambigious under which federal law Plaintiff makes his claim for compensatory damages. §1981a(b)(2) provides that an individual "shall not" recover "backpay, interest on backpay or any other type of relief authorized und 706(g) of the Civil Right's Act of 1964…" Plaintiff also makes no effort to express a limitation of compensatory damages as provided for at §1981a(b)(3). That provision would limit his

recovery to $300,000.00 as the maximum amount available. If Plaintiff's complaint survives this motion to dismiss he should be required to clarify.

**WHEREFORE**, Defendant respectfully requests that the complaint against it be dismissed in its entirety.

Respectfully Submitted,

/s/ Richard N. Mann

RICHARD N. MANN, OBA# 11040
Assistant Attorney General, Litigation Unit
OFFICE OF THE OKLAHOMA ATTORNEY GENERAL
313 Northeast 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
richard.mann@oag.ok.gov
and
Marie Schuble, OBA#30247
Staff Attorney
Oklahoma Bureau of Narcotics
419 NE 38th Terrace
Oklahoma City, OK 73105
Telephone: (405) 521-2885
Facsimile: (405) 530-3889
mschuble@obn.state.ok.us
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of August, 2015, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Woody Glass
Barrett Bowers
Ward & Glass LLP
1821 E. Imhoff Road, Suite 102
Norman, OK 73071
*Attorneys for Plaintiff*

<u>/s/ Richard N. Mann</u>
Richard N. Mann