IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRIS L. EDWARDS,                           )
                                            )
            Plaintiff,                )
                                            )
vs.                                         )   Case No. CIV-15-791-C
                                            )
STATE OF OKLAHOMA ex rel.                   )
OKLAHOMA BUREAU of NARCOTICS                )
and DANGEROUS DRUGS CONTROL,                )
                                            )
                                            )
                                            )
            Defendant.                )

## MEMORANDUM OPINION AND ORDER

Defendant filed a Motion to Dismiss Plaintiff's claims (Dkt. No. 8). Plaintiff responded (Dkt. No. 10) and Defendant filed a reply (Dkt. No. 11). The Motion has been fully briefed and is at issue.

### I. BACKGROUND

Plaintiff alleges that he was a victim of intentional race discrimination when Defendant failed to promote him to the position of Special Agent in Charge. Plaintiff alleges that Defendant instead promoted a lesser qualified employee to the position. Defendant refutes this argument. Defendant filed a Motion to Dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Defendant alleges that Title VII requires a plaintiff to plead that the employee he was replaced by was a non-minority and Plaintiff has failed to do so. Plaintiff disagrees.

### II. STANDARD OF REVIEW

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving Defendant's Motion is to examine the factual allegations supporting each claim that Defendant wishes the Court to dismiss.

### III. ANALYSIS

Defendant argues that Plaintiff has failed to establish a prima facie case because Plaintiff did not allege in his failure-to-promote claim that he was replaced by a non-minority. The initial burden of establishing a claim under Title VII is retained by the claimant. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). A plaintiff alleging a failure-to-promote claim must show: "(1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled." Jones v. Barnhart, 349 F.3d 1260, 1266 (10th Cir. 2003). The Tenth Circuit Court of Appeals has made clear that a person promoted in place of a claimant need not be a non-minority, noting conclusion to the contrary is dicta. Perry v. Woodward, 199 F.3d 1126, 1138 (10th Cir. 1999). The court in

Perry articulated a very important policy argument as to why non-minority replacement is not required.

> The imposition of the inflexible rule advocated by Defendants is untenable because it could result in the dismissal of meritorious claims. Defendants' rule would preclude suits against employers who replace a terminated employee with an individual who shares her protected attribute only in an attempt to avert a lawsuit. It would preclude suits by employers who hire and fire minority employees in an attempt to prevent them from vesting in employment benefits or developing a track record to qualify for promotion. It would also preclude a suit against an employer who terminates a woman it negatively perceives as a "feminist" and replaces her with a woman who is willing to be subordinate to her male co-workers or replaces an African-American with an African-American who is perceived to "know his place." Although each of these situations involves wrongfully-motivated terminations, under the rule advocated by the Defendants, the terminated employee would be unable to meet the prima facie burden. Such a result is unacceptable.

Id. at 1137.

Plaintiff has successfully pleaded a prima facie case of racial discrimination for his failure-to-promote claim and has provided enough factual allegations to nudge his claim across the line from conceivable to plausible.

Defendant also argues that Plaintiff incorrectly pleaded in his Complaint that he is entitled to economic damages under 42 U.S.C. § 1981(a). Plaintiff has conceded that he is not entitled to such damages under that specific statute. Plaintiff has pleaded in his Complaint a cause of action that is sufficient for the relief he seeks, as 42 U.S.C. § 2000e-5(g) authorizes economic damages in Title VII claims. There is no need to file an amended complaint for this technical error.

## VII.  CONCLUSION

Plaintiff has successfully stated a claim on all claims.  Accordingly, Defendant's Motion to Dismiss (Dkt. No. 8) is DENIED.

IT IS SO ORDERED this 24th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge